UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| Julie Irvine, guardian ad litem of Juan Alvarez, Aubrey Archambeau, and Joseph Baker, as named plaintiffs on behalf of a class,<br><br>    Plaintiff,<br><br>v.<br><br>Jeremy Johnson, Administrator, South Dakota Human Services Center, sued in his official capacity, and Laurie R. Gill, Secretary of the South Dakota Department of Social Services, sued in her official capacity,<br><br>    Defendants. | Civ. 4:21-cv-04224-KES |

**Amended**
**Class Action Complaint for Preliminary and Permanent**
<u>**Injunctive and Declaratory Relief**</u>

## Parties

1. Julie Irvine is the guardian ad litem of Juan Alvarez, Aubrey Archambeau, and Joseph Baker, who when the original complaint was filed were accused of crimes, and were found incompetent. They were ordered committed to attempt to restore them to competency, but were warehoused in county jail because the attempt to restore them to competency had not begun.

2. Jeremy Johnson is the administrator of the South Dakota Human Services Center, and is sued in his official capacity.

3. Laurie R. Gill is the Secretary of the South Dakota Department of Social Services, and is sued in her official capacity.

## Jurisdiction

4. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3), and may grant relief under these laws and 28 U.S.C. §§ 2201-02.

## Class Action Pursuant to F.R.Civ.P. 23(a), (b)(1), and (b)(2)

5. This is a class action that seeks a preliminary and permanent injunction on behalf of mentally ill people who are accused of crimes in South Dakota, have been found incompetent, and are incarcerated for longer than allowed by the due

process clause awaiting an attempt to restore them to competency, and mentally ill people who in the future will be accused of crimes in South Dakota, found incompetent, and incarcerated for longer than allowed by the due process clause awaiting an attempt to restore them to competency .

## Facts

6.  On August 26, 2021, Juan Alvarez was ordered committed and transported to the South Dakota Human Services Center to attempt to restore him to competency, but when the original complaint was filed remained in jail and had not been transported.

7.  On September 8, 2021, Joseph Baker was ordered transported to "a residential state mental health facility or facility authorized by statute to provide restorative services" to attempt to restore him to competency, but when the original complaint was filed remained in jail and had not been transported.

8.  On October 12, 2021, Aubrey Archambeau was ordered "immediately" committed and transported to the South Dakota Human Services Center to attempt to restore him to competency, but when the original complaint was filed remained in jail and had not been transported.

9. Other class members were and are subject to similar orders in other counties when the original complaint was filed and today, but remained and continue to remain today in jail for longer than allowed by the due process clause and had not and have not been transported to attempt to restore them to competency.

10. The class members were and are suffering direct and current injury as a result of defendants' conduct, and will suffer such injury in the future until their unconstitutional confinement ends.

11. Mentally ill people who become class members in the future will be subject to similar orders, will be held in county jails and not be transported for longer than allowed by the Fourteenth Amendment, and will suffer similar injury.

12. The class is so numerous that joinder of all members is impracticable.

13. Questions of law and fact are common to the class.

14. The representative parties' claims are typical of the class's claims.

15. The guardian ad litem of the named plaintiffs will fairly and adequately protect the interests of the class.

16. Prosecuting separate actions by individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual

class members that would establish incompatible standards of conduct for defendant, and (b) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

17.　Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

18.　The questions of law and fact common to members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## Cause of Action

19.　Defendants' conduct violates the class members' Fourteenth Amendment right to due process of law, and will violate future class members' Fourteenth Amendment right to due process of law.

**Wherefore plaintiff requests judgment on behalf of the class as follows:**

1.　For certification of a class pursuant to F.R.Civ.P. 23(a), (b)(1), and (b)(2);

2.     For preliminary and permanent declaratory and injunctive relief sufficient to remedy the unconstitutional conditions under which class members are confined, and under which future members of the class will be confined;

3.     For reasonable attorney's fees and costs; and

4.     For such other and further relief as the Court deems just.

Dated: December 13, 2022         Respectfully submitted,

/s/ James D. Leach
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
Tel: (605) 341-4400
jim@southdakotajustice.com
Attorney for Plaintiff

Certificate of Service

I certify that I served this document on December 13, 2022, by filing it in the CM/ECF system, thereby causing automatic electronic service to be made on defendant.

/s/ James D. Leach
James D. Leach