UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| Julie Irvine, guardian ad litem of Juan Alvarez, Aubrey Archambeau, and Joseph Baker, as named plaintiffs on behalf of a class,<br><br>    Plaintiff,<br><br>v.<br><br>Jeremy Johnson, Administrator, South Dakota Human Services Center, sued in his official capacity, and Matt Althoff, Secretary of the South Dakota Department of Social Services, sued in his official capacity,<br><br>    Defendants. | Civ. 4:21-cv-04224-KES |

**Plaintiff's Statement of Undisputed Material Facts**
**<u>in Support of Motion for Partial Summary Judgment on Liability</u>**

    1.    On August 26, 2021, Juan Alvarez was ordered committed and transported to the South Dakota Human Services Center (HSC). Declaration of James D. Leach ("Decl.") ¶ 1.

    2.    When the original complaint was filed on December 20, 2021, he remained in jail and had not been transported. Decl. ¶ 2.

3. Defendants told the Court that "the complaint is inaccurate that he had not been transported for services as of December 20, 2021[.]" Doc. 5 p. 3 n.1.

4. The Court accepted defendants' representation as true. Doc. 19 p. 2 n.1.

5. But discovery showed that defendants' representation was false, and that Alvarez was never transported to the HSC. Instead, beginning November 17, 2021, 83 days after the order committing him, he was treated in the Minnehaha County Jail to attempt to restore him to competency. Decl. ¶ 2.

6. On September 8, 2021, Joseph Baker was ordered transported to "a residential state mental health facility or facility authorized by statute to provide restorative services" to try to restore him to competency. Decl. ¶ 3.

7. When the original complaint was filed, he remained in jail and had not been transported. Decl. ¶ 3.

8. On February 10, 2022, his attorney filed an Application for Writ of Mandamus, titled *Baker v. Johnson*, Minnehaha County Civ. 22-357. Decl. ¶ 3.

9. When such an application is filed, defendants expedite the person's admission. Decl. ¶ 5, Johnson Depo. at 68-69.

10.   And so it was here. Baker was admitted on February 24, 2022, 14 days after his lawyer filed the Application, but 169 days after the order committing him. Decl. ¶ 3.

11.   On October 12, 2021, Aubrey Archambeau was ordered "'immediately' committed and transported to the HSC to attempt to restore him to competency. Decl. ¶ 4.

12.   When the original complaint was filed, he remained in jail and had not been transported. Decl. ¶ 4.

13.   On February 3, 2022, 114 days after the order committing him, defendants began to attempt to restore him to competency in the Minnehaha County Jail. Decl. ¶ 4.

14.   This attempt failed. Decl. ¶ 4.

15.   He was finally transported to HSC on July 28, 2022, 289 days after the order committing him. Decl. ¶ 4.

16.   For fiscal year 2021 to now, 139 class members were ordered committed for competency restoration. Plaintiff's Memorandum in Support of Motion to Certify Class and Appoint Counsel, Doc. 39 at 4, and documents cited in it, all of which were filed with the class certification motion.

17.     Excluding 9 such people for the reasons explained in Doc. 38 at 2-5, the remaining 130 waited an average (mean) of 92.5 days in jail to begin competency restoration.  Plaintiff's Memorandum in Support of Motion to Certify Class and Appoint Counsel, Doc. 39 at 4, and documents cited in it, all of which were filed with the class certification motion.

18.     Of these 130 people, 116 spent 30 days or more waiting in jail for the beginning of competency restoration.  Plaintiff's Memorandum in Support of Motion to Certify Class and Appoint Counsel, Doc. 39 at 4, and documents cited in it, all of which were filed with the class certification motion.

19.     On the most recent date for which defendants provided data, February 1, 2023, five of the six class members awaiting admission to HSC had waited in jail an average (mean) of 93.8 days.  Plaintiff's Memorandum in Support of Motion to Certify Class and Appoint Counsel, Doc. 39 at 4, and documents cited in it, all of which were filed with the class certification motion.

20.     Jeremy Johnson became interim CEO/administrator of HSC in June 2019. Decl. ¶ 5, Johnson Depo. at 5-6.

21.     Among other duties, he is responsible for the competency restoration program.  Decl. ¶ 5, Johnson Depo. at 5-6.

22. In September 2019 he became the permanent administrator, and continues in that position today. Decl. ¶ 5, Johnson Depo. at 5-6.

23. HSC has 277 beds, but in fiscal year 2021 (July 1, 2020, to June 30, 2021), it used only 158.2 on average, and in fiscal year 2022, it used only 129.3 on average. Decl. ¶ 5, Johnson Depo. at 16-17 (definition of fiscal year) and 73 (averages).

24. The number of beds that HSC can staff and support is "trending down," primarily because of lack of staff. Decl. ¶ 5, Johnson Depo. at 24-25.

25. Of 158 beds, 15 are dedicated to competency restoration. Decl. ¶ 5, Johnson Depo. at 24-25.

26. The number actually used for competency restoration in 2022 varied from 10 (during two months) to 16 (during one month). Decl. ¶ 6.

27. HSC employees determine whether a person needing competency restoration comes to HSC or undergoes attempted competency restoration elsewhere. Decl. ¶ 5, Johnson Depo. at 12.

28. Two alternatives exist. One is jail-based restoration in Minnehaha County, Pennington County, or Davison County. Decl. ¶ 5, Johnson Depo. at 12-13.

29. In fiscal year 2022, HSC used jail-based programs to attempt to restore ten people to competency. Decl. ¶ 5, Johnson Depo. at 18.

30. In the first year of the Minnehaha County Jail program, sixteen people were admitted for competency restoration; as of September 2022, seven were deemed competent, three did not complete the program, three were moved to HSC, and three were in progress. Decl. ¶ 7.

31. The other alternative is a limited number of placements in community mental health centers for people accused of crimes and found incompetent who are deemed not a danger to the community, and who are released on bond. Decl. ¶ 5, Johnson Depo. at 15.

32. Four people were treated in community mental health centers to attempt to restore them to competency in 2019, nine were treated there in 2020, eight in 2021, and four in 2022. Decl. ¶ 8.

33. People who are treated in a jail or a community based mental health center who are not restored to competency undergo another waiting period, then typically come to HSC. Decl. ¶ 5, Johnson Depo. at 16.

34. HSC has developed what it calls a "dedicated unit for restoration to competency services with the goal of shortened length of stay for defendants through focused treatment and education."  Decl. ¶ 5, Johnson Depo. at 38-39.

35. Johnson considers it too early to determine whether this program has led to different or improved results.  Decl. ¶ 5, Johnson Depo. at 38-39.

36. HSC's maximum capacity for restoration to competency admissions remains at 15.  Decl. ¶ 5, Johnson Depo. at 38-39.

37. Minnehaha County Sheriff Mike Milstead testified that "jail tends to be a really challenging environment for people who have mental health problems."  Decl. ¶ 9, Milstead Depo. at 13.

38. Most people in jail "are probably at a low point in their life.  Whether they have mental health issues or not, it's—you know, when the jail door closes, it's a different environment than—for anyone."  Mentally ill people sometimes act out in jail, which gets them in more trouble.  Decl. ¶ 9, Milstead Depo. at 16.

39. In 2021, Milstead told the Sioux Falls Argus Leader: "There hasn't been a day there wasn't a shortage of beds at the Human Services Center in Yankton, said Mike Milstead of his time as Minnehaha County sheriff over the past 25 years."  Decl. ¶ 9.

40. Milstead testified that the newspaper report is accurate. Decl. ¶ 9, Milstead Depo. at 19.

41. Matt Althoff is the Secretary of the Department of Social Services, which employs and supervises HSC Administrator Johnson. Decl. ¶ 5, Johnson Depo. at 9.

42. The Department "shall establish, at a minimum, appropriate acute, intermediate, and long-term psychiatric units at the South Dakota Human Services Center." S.D.C.L. § 27A-4-8.

43. Those units "shall provide care, treatment, and rehabilitative services to those patients with mental illness specifically needing inpatient psychiatric treatment and admitted according to law." *Id.*

44. Secretary Althoff "shall, in conjunction with the administrator, establish capacity limits for the treatment areas required by § 27A-4-8 at the center." S.D.C.L. § 27A-4-20.

45. The established capacity limit for competency restoration is 15. Decl. ¶ 5, Johnson Depo. at 24, 25, and 65.

46. The limit may be exceeded if "an emergency situation is declared by the secretary and the administrator." S.D.C.L. § 27A-4-20.

47. Neither Secretary Althoff nor Administrator Johnson have ever declared an emergency based on lack of sufficient space for competency restoration. Decl. ¶ 5, Johnson Depo. at 65.

48. Administrator Johnson has not talked to anyone about the possibility of declaring an emergency for competency restoration, and as far as he knows, the Secretary has never communicated with anyone about that possibility. Decl. ¶ 5, Johnson Depo. at 65-66.

49. SDCL 27A-4-20 further provides: "Capacity limitations shall be established using such criteria as number of patients, and staffing levels. If capacity limits are reached, no additional admissions may be accepted until census number decrease. If capacity limits are reached, the department shall contract for appropriate services for those qualified for admission."

50. Administrator Johnson has entered such contracts for HSC's adult psychiatric units with several health care providers. Decl. ¶ 5, Johnson Depo. at 66-67.

51. Only one of those agreements includes any services involving restoration of competency. Decl. ¶ 5, Johnson Depo. at 66-67.

52.     Adult competency restoration admissions have increased every year since 2019.  Decl. ¶ 5, Johnson Depo. at 28-29.

53.     Administrator Johnson expects admissions to continue to increase. Decl. ¶ 5, Johnson Depo. at 28-29.

Dated: March 3, 2023            Respectfully submitted,

/s/ James D. Leach
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
Tel: (605) 341-4400
jim@southdakotajustice.com
Attorney for Plaintiff

Certificate of Service

I certify that on March 3, 2023, I filed this document on CM/ECF, thereby causing automatic electronic service to be made on defendants' attorneys.

/s/ James D. Leach
James D. Leach