UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JULIE IRVINE, guardian ad litem of Aubrey Archambeau and Joseph Baker, as named plaintiffs on behalf of a class; AUBREY ARCHAMBEAU, on behalf of a class; and JOSEPH BAKER, on behalf of a class,<br><br>Plaintiffs,<br><br>vs.<br><br>JEREMY JOHNSON, Administrator, South Dakota Human Services Center, sued in his official capacity; MATT ALTHOFF, Secretary of the South Dakota Department of Social Services,<br><br>Defendants. | 4:21-CV-04224-KES<br><br>ORDER DENYING PLAINTIFFS' MOTION TO AMEND CLASS DEFINITION AND TO ALTER OR AMEND ORDER DENYING CLASS CERTIFICATION |

Plaintiffs, Julie Irvine, Juan Alvarez,[1] Aubrey Archambeau, and Joseph Baker, brought a putative class action lawsuit for preliminary and permanent injunctive and declaratory relief, primarily arguing that the State has violated their Due Process Rights by holding them in pretrial detention for extended lengths of time before they receive competency restoration. *See* Docket 27.

The court previously denied plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23(a). Docket 60 at 53. Plaintiffs have now filed their "Motion to Amend Class Definition, and to Alter or Amend Order Denying

---

[1] The court granted defendants' motion for summary judgment solely against plaintiff Juan Alvarez. Docket 60 at 54. As such, plaintiff Juan Alvarez was terminated from the case. *Id.*

Class Certification," Docket 61, which defendants oppose, Docket 67. For the reasons set forth below, the court denies plaintiffs' motion.

## BACKGROUND[2]

Plaintiffs Archambeau and Baker faced criminal charges, were detained, and were awaiting competency restoration treatment after South Dakota circuit courts found them incompetent. *See* Docket 45 ¶¶ 31-32, 44, 51; Docket 55 ¶¶ 31-32, 44, 51. After being deemed incompetent, both Archambeau and Baker waited more than four months before receiving competency restoration treatment. Docket 45 ¶¶ 44-46, 51-54; Docket 55 ¶¶ 44-46, 51-54. Plaintiffs filed a class action suit to challenge the length of their pretrial detention before they received competency restoration as violative of their due process rights. *See generally* Docket 27. Plaintiffs initially sought class certification of the following class:

> [M]entally ill people who are accused of crimes in South Dakota, have been found incompetent, and are incarcerated for longer than allowed by the due process clause awaiting an attempt to restore them to competency, and mentally ill people who in the future will be accused of crimes in South Dakota, found incompetent, and incarcerated for longer than allowed by the due process clause awaiting an attempt to restore them to competency.

*Id.* ¶ 5.

In its initial order denying class certification, the court held the above class definition was an impermissible fail-safe because the class was

---

[2] The court summarized plaintiffs' claims, the procedural history of this case, and South Dakota's statutory competency scheme in its prior order denying plaintiffs' motion for class certification and will not repeat that background here except as necessary to give context to the parties' current arguments. *See* Docket 60 at 2-8.

2

conditioned upon finding a Due Process Clause violation. Docket 60 at 49. The court declined to redefine the proposed class because the "Due Process Clause requires an individualized determination." *Id.* at 50. In reaching this conclusion, the court cited *Jackson v. Indiana*, 406 U.S. 715 (1972), where the Supreme Court held that due process "requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Docket 60 at 33 (quoting *Jackson*, 406 U.S. at 738). Under this reasoning, the court adopted the following framework to analyze the plaintiffs' due process claims:

> [An individual] waiting four months or less for restoration efforts—while often less than ideal and regrettable—does not offend due process. But once an individual has had to wait more than four months, the court finds that the burden shifts to the State to submit specific reasons for why the prolonged detention, without services, is justified. Specifically, the State must proffer reasons specific to the individual for why it must take longer to perform restoration efforts.

*Id.* at 39. The court ultimately concluded that under this framework, commonality and typicality could not exist because the court would need to perform an individualized inquiry to determine if each detainee's due process rights were violated. *Id.* at 50-53.

Plaintiffs now move for leave to amend the class definition under Federal Rule of Civil Procedure Rule 15(a)(2) and move the court to reconsider its previous order denying class certification under Federal Rule of Civil Procedure 23(c)(1)(C). *See* Docket 61. In their current motion to amend the class definition, plaintiffs seek to certify the following amended class:

3

> [M]entally ill people who are accused of crimes in South Dakota, have been found incompetent, and incarcerated for more than seven days after being found incompetent before competency restoration begins; and mentally ill people who in the future will be accused of crimes in South Dakota, found incompetent, and incarcerated for more than seven days after being found incompetent before competency restoration begins.

*Id.* Plaintiffs argue that the new class definition resolves the fail-safe problem and satisfies the commonality and typicality requirements of Rule 23(a) under the court's adopted framework. *See* Docket 62 at 3-5, 8-14.

Defendants oppose plaintiffs' motion for two reasons. Docket 64 at 2. Defendants first argue that the court should deny plaintiffs' motion to amend the class definition because any amendment would be futile under this court's determination that it could not "redefine the proposed class because the Due Process Clause requires an individualized determination." *Id.* at 6. Defendants further argue that plaintiffs have not shown exceptional circumstances to warrant reconsideration of the court's prior denial of class certification and that, in any event, plaintiffs have not shown that their newly proposed class definition satisfies the factors under Rule 23(a) or that their suit constitutes a permissible form of class action under Rule 23(b). *Id.* at 2, 4.

## LEGAL STANDARD

Defendants argue that the court should construe plaintiffs' renewed motion for class certification as a motion for reconsideration. *See* Docket 64 at 5-7. Specifically, defendants argue that because plaintiffs are asking this court to reconsider and "abandon[] its conclusion that the [p]laintiffs' original proposed class cannot be redefined consistent with the [Due Process Clause],"

4

the court should apply the more stringent reconsideration standard under Rule 60(b). *See id.* at 6-7. In contrast, plaintiffs argue that under the Eighth Circuit's recent holding in *Cody v. City of St. Louis*, 103 F.4th 523 (8th Cir. 2024), this court has the broad discretion to revisit its class certification order "on an unchanged record." Docket 66 at 2 (quoting *Cody*, 103 F.4th at 529).[3]

Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). "A district court's grant of a motion to reconsider class certification is 'a matter within the court's broad discretion' " and includes requests to reconsider denials of a prior class certification. *Cody*, 103 F.4th at 529 (quoting *In re Wholesale Grocery Prods. Antitrust Litig.*, 946 F.3d 995, 1004 (8th Cir. 2019)); *see also In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 72 (2d Cir. 2007) ("District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial."). In *Cody*, the Eighth Circuit held that "Rule 23(c)(1)(C) 'allows for multiple bites at the apple' and 'does not impose an additional requirement on parties to prove a change in law or show new evidence to succeed on a renewed motion for certification.' " *Cody*, 103 F.4th at 529 (quoting *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 476 (3d Cir. 2020)).

---

[3] Plaintiffs filed a motion for leave to file a supplemental brief in support of their motion to amend class definition. Docket 66. The court granted the motion. Docket 69. Plaintiffs did not file a supplemental brief, but rather, attached their brief to the motion for leave. *See* Docket 66-1. The court will consider it because defendants filed a response to the attached brief. *See* Docket 67.

5

Defendants argue *Cody* is distinguishable from the present case because in *Cody* the district court declined to certify the plaintiffs' initially proposed class, but expressly found that redefinition was possible. Docket 67 at 3. In contrast, this court held that plaintiffs' proposed class was incapable of redefinition. Docket 60 at 50. Defendants conclude that because plaintiffs are asking the court to reconsider "a legal proposition that is logically antecedent to reviewing the plaintiff's newly proposed definition," Rule 60(b)'s reconsideration standard applies. Docket 67 at 2. Plaintiffs counter that because the Eighth Circuit did not draw a distinction based on "logically antecedent" issues before holding that Rule 23(c)(1)(C) does not require plaintiffs to "prove a change in law or show new evidence," this court can treat their motion as a renewed motion for class certification. Docket 68 at 1-2 (quoting *Cody*, 103 F.4th at 529).

The court agrees with plaintiffs. The instant motion should be treated as a renewed motion for class certification under Rule 23(c)(1)(C) rather than a motion for reconsideration of the court's earlier ruling. *See Hargrove*, 974 F.3d at 476-77 (treating motion as renewed motion under Rule 23(c)(1)(C) rather than motion for reconsideration). As the district court in *Cody* reasoned and the Eighth Circuit subsequently affirmed, "in deciding whether to consider a renewed [class certification] motion [a court] would likewise focus on the merits of the renewed motion under Rule 23 rather than more stringent standards associated with typical motions to reconsider." *Cody v. City of St. Louis*, 2022 WL 1658787, at *3 (E.D. Miss. May 25, 2022). Thus, under the court's broad

6

discretion to reconsider class certification under Rule 23(c)(1)(C), the court will address the merits of plaintiffs' renewed motion under Rule 23.

## DISCUSSION

### I. Class Definition

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Eighth Circuit has liberally construed this standard, "[h]owever, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 358-59 (8th Cir. 2011) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2006)). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6).' " *Zutu v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). In the context of motions to amend a class definition, futility is "determine[d] [by] whether the proposed class could be certified [under Rule 23]." *Gewecke v. US Bank N.A.*, 2011 WL 13136318, at *3 (D. Minn. Aug. 31, 2011) (quoting *Brancheau v. Residential Mortg. Group, Inc.*, 177 F.R.D. 655, 658 (D. Minn. 1997)) (emphasis omitted); *see also Mangold v. Lincoln Cnty*, 2012 WL 2374730, at *2 (E.D. Mo. June 22, 2012) (denying

plaintiffs' motion to amend because their request to certify defendant class would be futile).

In its previous order denying class certification, the court held that plaintiffs' proposed class definition was an impermissible fail-safe class. Docket 60 at 49. As the Eighth Circuit has explained, such classes are "prohibited because [they] would allow putative class members to seek a remedy but not be bound by an adverse judgment—either those class members win or, by virtue of losing, they are not in the class and are not bound." *Orduno v. Pietrzak*, 932 F.3d 710, 716 (8th Cir. 2019) (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012)).

Plaintiffs' newly proposed class definition resolves the prior fail-safe problem because membership is no longer defined to "preclude membership unless a putative member would prevail on the merits." *Id.* Further, the proposed class includes persons who would not be entitled to relief. *See* Docket 61 at 4 (discussing groups of individuals included in the proposed class who would not be entitled to relief); *see also Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 768 (8th Cir. 2020) ("Because all members of the class were bound by the judgment, regardless of whether they succeeded on their individual claims, the district court did not create a fail-safe class."). Defendants concede that the proposed class definition resolves the fail-safe problem. Docket 65 at 8.

Despite resolving the fail-safe problem, the court denies plaintiffs' motion to amend the class definition because it would be futile. In its initial order, the

8

court held that it could not "redefine the proposed class because the Due Process Clause requires an individualized determination, and thus class certification is inappropriate." Docket 60 at 50. Because the court determines below that the class cannot be certified under Rule 23(a), granting the plaintiffs' motion for leave to amend the class definition would be futile. *Wright v. St. Louis Bd. of Police Com'rs*, 2013 WL 1318577, at *5 (E.D. Mo. Mar. 29, 2013) (holding that granting a motion for leave to amend would be futile where the court concludes "that class action certification would not be appropriate"). Thus, plaintiffs' motion to amend their class definition is denied.

## II. Class Certification

As noted in the court's prior order, certification of a class is only proper if, after "rigorous analysis," the court is satisfied that Rule 23's requirements are met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011). Rule 23(a) allows individuals to sue on behalf of a class if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Defendants do not dispute that the requirements for numerosity or adequacy of representation are met; however, they argue that plaintiffs still fail to satisfy the commonality and typicality requirements of Rule 23(a). Docket 64 at 8.

In their motion for renewed class certification, plaintiffs do not argue that *Jackson*'s reasonable relation framework is inapplicable to the present case, but rather, assert that the newly proposed class satisfies the commonality and typicality requirements under the court's adopted framework. *See* Docket 62 at 8-14. Plaintiffs argue that commonality[4] exists because common questions exist among the plaintiffs, namely "whether holding an individual for longer than a specific length of time before competency restoration begins violates due process, and if so, what is that specific length of time." *Id.* at 8. Plaintiffs assert that the court can, "in one stroke," resolve plaintiffs' claim that "unduly lengthy incarceration after a competency restoration order is entered, and before competency restoration begins, violates the due process clause." *Id.* at 11.

As noted in the court's prior order, "merely advancing a question stated broadly enough to cover all class members is not sufficient under Rule 23(a)(2)." Docket 60 at 50 (quoting *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 478 (8th Cir. 2016)). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.' " *Dukes*, 564 U.S. at 349-50 (quoting *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 157 (1982)). Plaintiffs must share a common contention capable of class-wide resolution, meaning "that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350. Raising common questions is not enough. *Id.* Instead, "[w]hat matters to class

---

[4] Plaintiffs argue that because the court held that the commonality and typicality requirements were not met for "almost identical reasons," the court should reconsider its typicality analysis for similar reasons. Docket 62 at 14.

certification . . . [is] the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (emphasis in original) (citation omitted).

Here, plaintiffs assert that common questions exist, namely whether holding an individual for a specific length of time before competency restoration begins violates due process. *See* Docket 62 at 8-9. But that question does not satisfy the commonality requirement because it does not "generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350. To determine if plaintiffs' due process rights have been violated, the court will need to assess the "reasonable relation between the nature and duration of confinement and the purpose for which the individual was committed." Docket 60 at 52 (citing *Jackson*, 406 U.S. at 739). Thus, the court will have to conclude whether each individual's detention was reasonable under a set of particular circumstances. As defendants stress, this individualized inquiry will turn on numerous circumstances. *See* Docket 64 at 9-10 (including instances such as whether a detainee refuses to participate in competency restoration, whether the detainee is a flight risk or poses a danger to the community, and whether the detainee requires additional resources). Because liability will depend upon factors specific to the individual, demonstrating that one's detention is unconstitutional "will do nothing to demonstrate the invalidity of another's." *Dukes*, 564 U.S. at 355-56. Thus, under the *Jackson* reasonable relation framework, the court is unable to conclude that plaintiffs all suffer "the same injury." *See id.* at 352 ("Without some glue holding the alleged *reasons* for

11

all those decisions together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question *why was I disfavored*."). As such, the court is unable to resolve the truth or falsity of plaintiffs' due process claims in "one stroke." *Id.* at 350.

  Additionally, the court disagrees with plaintiffs' argument that the "centrality of the common questions" is not affected by the court's determination that defendants will have to "submit specific reasons for why the prolonged detention, without services, is justified." Docket 62 at 9. The court also disagrees with plaintiffs' argument that whether the defendants will be able to supply justifications is too "speculative and insufficient" to support the conclusion that the commonality and typicality requirements are not met. *Id.* at 13-14. The court is unable to determine what constitutes an "unduly lengthy incarceration" without turning to the individual circumstances of each potential plaintiff. *Id.* at 11. Whether defendants have specific reasons justifying a prolonged detention goes to the core of plaintiffs' due process claims because it demonstrates whether the putative class members have suffered "the same injury." *Dukes*, 564 U.S. at 349-50. Thus, because the nature of the plaintiffs' due process claim requires the court to assess individual circumstances, plaintiffs cannot show commonality as required by Rule 23(a)(2), and class certification remains inappropriate in this case.

  For similar reasons, the court finds that plaintiffs cannot meet the typicality requirement of Rule 23(a)(3). *See Custom Hair Designs by Sandy v.*

12

*Cent. Payment Co.*, 984 F.3d 595, 604 (8th Cir. 2020) ("When typicality and commonality arguments overlap significantly, the analysis for commonality largely determines typicality."). "The presence of a common legal theory does not establish typicality when proof of a violation requires individualized inquiry." *Elizabeth M. v. Montenez*, 458 F.3d 779, 787 (8th Cir. 2006). Where, as here, plaintiffs' due process claims hinge upon an individualized inquiry into whether the circumstances surrounding an individual's detention is reasonably related in scope and duration to the purpose for which the individual is detained, the named plaintiffs' claims cannot be typical of the class. *See id.* ("A substantive due process claim invariably demands an exact analysis of circumstances before any abuse of power is condemned") (internal quotation marks and citation omitted). Thus, because the court finds that plaintiffs have failed to satisfy the commonality and typicality requirements under Rule 23(a), plaintiffs' renewed motion for class certification is denied.

## CONCLUSION

For the above reasons, it is ORDERED that plaintiffs' motion to amend class definition, and to alter or amend the order denying class certification (Docket 61) is denied.

DATED November 13, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
