UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JULIE IRVINE, guardian ad litem of Aubrey Archambeau and Joseph Baker, as named plaintiffs on behalf of a class; AUBREY ARCHAMBEAU, on behalf of a class; and JOSEPH BAKER, on behalf of a class,<br><br>Plaintiffs,<br><br>vs.<br><br>JEREMY JOHNSON, Administrator, South Dakota Human Services Center, sued in his official capacity; MATT ALTHOFF, Secretary of the South Dakota Department of Social Services,<br><br>Defendants. | 4:21-CV-04224-KES<br><br>ORDER DISMISSING CASE |

Following a bench trial, the court issued an order finding that defendants, South Dakota Human Services Center (HSC) Director, Jeremy Johnson, and Secretary of the South Dakota Department of Social Services, Matt Althoff, failed to provide sufficient reasons justifying plaintiff Joseph Baker's five-and-a-half-month detention at HSC. Docket 95 at 26. As such, the court determined that defendants violated Baker's due process rights. *Id.* The court also ordered further briefing on the issue of Baker's potential remedy. *Id.* at 25-26.

In their brief on a potential remedy, plaintiffs explain that the court cannot grant injunctive relief because Baker has already been admitted for competency treatment and cannot grant compensatory damages because

"qualified immunity would be a complete defense." Docket 96 at 1, 5. Plaintiffs also do not request nominal damages or declaratory relief. *See generally id.* Instead, plaintiffs argue that the only available "remedy" is for this court to certify a class. *Id.* at 4. The court has twice denied plaintiffs' requests to certify a class. Docket 60 at 52-53; Docket 70 at 11-13. In its prior orders, the court denied class certification because the legal framework used to analyze plaintiffs' due process claims required an individualized inquiry into each detainee's circumstances, thus preventing the case from being resolved in "one stroke." Docket 60 at 52; Docket 70 at 12. Plaintiffs argue that class certification is now proper because, at trial, defendants' proffered reasons to justify Baker's prolonged detention were "illusory." Docket 96 at 6. Plaintiffs conclude that if no reasons exist to justify any detainee's prolonged detention, then "the central issue can be resolved in one stroke" by the court. *Id.*

In response, defendants agree that no form of equitable or declaratory relief is available to Baker. Docket 97 at 2-3. Defendants argue that plaintiffs are not entitled to compensatory or nominal damages because sovereign immunity is a complete defense to such relief. *Id.* at 3-4. Defendants also argue that the court should deny plaintiffs' request for class certification because plaintiffs have not offered a sufficient reason for this court to reconsider its two prior decisions finding that plaintiffs could not satisfy the commonality and typicality requirements under Federal Rule of Civil Procedure 23(a). *Id.* at 4-5; *see also* Docket 60 at 52-53; Docket 70 at 10-13. Defendants request that the

court enter a judgment dismissing the claims of all three plaintiffs because no remedy is available to Baker. Docket 97 at 7.

Here, the court agrees with both parties that plaintiffs are not entitled to injunctive relief because Baker has already received competency restoration treatment. *See* Docket 89 at 1. And the court agrees with defendants that because defendants were only sued in their official capacities, the defense of sovereign immunity would prevent plaintiffs from receiving compensatory or nominal damages. *See Arizonans for Off. English v. Arizona*, 520 U.S. 43, 69 (1997) (holding that nominal damages are not available under § 1983 against a state); *Hopkins v. Saunders*, 199 F.3d 968, 976-78 (8th Cir. 1999) (holding that plaintiffs were not entitled to compensatory or nominal damages in a § 1983 lawsuit against officers who were sued in their official capacities and were entitled to qualified and sovereign immunity). Thus, the court agrees with both parties that Baker is not entitled to injunctive relief or monetary damages.

While plaintiffs argue that "[t]here is no other solution" but for this court to certify a class, Docket 96 at 5, the court declines, for a third time, to certify a class.[1] Plaintiffs assert that the State's failure to provide a sufficient justification for Baker's prolonged detention at trial indicates that the State does not have a reason specific to any individual that would justify their prolonged detention prior to receiving competency restoration treatment. *Id.* at 6-7. But the court's adopted framework requires the court to determine a

---

[1] Because the court denies plaintiffs' request to certify a class, the court declines to address plaintiffs' argument that the inherently transitory doctrine applies in this case. *See* Docket 101 at 1-3.

detainee's individual circumstances, such that "demonstrating that one's detention is unconstitutional 'will do nothing to demonstrate the invalidity of another's [detention].' " Docket 70 at 11 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 355-56 (2011). Thus, although the court concluded that defendants' proffered justifications were insufficient as to Baker, defendants may be able to justify the prolonged detention of other detainees. As such, the court concludes that class certification is still inappropriate because the court cannot resolve the central issue in this case in "one stroke." *See Dukes*, 564 U.S. at 350.

Because no remedy is available to Baker, and the court declines to certify a class, it is

ORDERED that the above-entitled action is dismissed, upon the merits, with prejudice, without further notice or hearing, and without costs to any party.

Dated May 7, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE